UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:06-cr-00107-JMS-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ISAIAS R. BARRIOS-LOPEZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:06-cr-00107-JMS-TAB |
| ISAIAS R. BARRIOS-LOPEZ, | ) ) | -01 |
| Defendant. | ) ) | |

## ORDER

Defendant Isaias R. Barrios-Lopez seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Barrios-Lopez's motion is **denied**.

### I. Background

In 2007, Mr. Barrios-Lopez pled guilty to one count of conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count 4); and one count of being a previously deported alien found within the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (count 8). Dkt. 1. The Court sentenced Mr. Barrios-Lopez to concurrent sentences of 327 months of imprisonment for count one and 240 months for count eight, and a consecutive sentence of 60 months for count four, for a total of 387 months of imprisonment. Dkt. 1.

Mr. Barrios-Lopez filed his motion for compassionate release pro se. Dkt. 69. In his submission, Mr. Barrios-Lopez argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) his sentence would be shorter if he were sentenced today; (2) he is at risk of contracting COVID-19 again because the BOP is experiencing ongoing and repeated outbreaks; (3) he contracted COVID-19 while in BOP custody and still suffers "lingering effects";

2

and (4) Mr. Barrios-Lopez's efforts at rehabilitation make apparent that he is not a danger to the safety of any other person or to the community. The Court has concluded that it does not require a response from the United States to resolve Mr. Barrios-Lopez's motions.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Barrios-Lopez contends that the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."); *United States v. Herbert*, No. 21-3321, 2022 WL 1791964, at *2 (7th Cir. June 2, 2022) (non-retroactive changes to the guidelines are not grounds for compassionate release); *United States v. Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (The court

3

"lack[s] discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long. The appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255.") (internal citation omitted). But Mr. Barrios-Lopez claims that such precedent was recently overruled by the United States Supreme Court in *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), which held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." Dkt. 82 at 2. Thus, he invites the Court to find an extraordinary and compelling reason for a sentence reduction based on the fact that he would likely receive a shorter sentence if sentenced today.

Defendant's argument is not well-taken. *Concepcion* addressed a different portion of the First Step Act—§ 404, which allows a district court to resentence a defendant in certain situations. It has no bearing on Mr. Barrios-Lopez's motion, which falls under § 603 of the Act. As recently explained by the Seventh Circuit in a binding opinion:

> That the First Step Act did multiple things—lowering sentences for some cocaine cases, enabling prisoners to seek compassionate release on their own motions, and more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an "extraordinary and compelling reason for release."

*United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022). As a result, the Seventh Circuit reiterated that "[t]here's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *Id.* at 594. Thus, under controlling Seventh Circuit precedent, Mr. Barrios-Lopez cannot establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based on changes in caselaw or his statute of conviction, even if those changes mean that Mr. Barrios-Lopez might receive

4

a shorter sentence if he were sentenced today. Similarly, to the extent Mr. Barrios-Lopez argues that there were errors at his sentencing, "*Concepcion* thus did not alter our conclusion that 'a claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release.'" *Sanford*, No. 22-2416, 2022 WL 17176481, at *1 (citing *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021)). Prisoners should challenge these alleged errors on direct appeal or through collateral review under 28 U.S.C. § 2255. *See King*, 40 F.4th at 595.

Mr. Barrios-Lopez's next reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Barrios-Lopez does not state whether he has been vaccinated. Regardless, whether vaccinated or not, Mr. Barrios-Lopez has presented no evidence that he is unable to receive or benefit from the vaccine. *Id.* at 803 ("[a] prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to [the compassionate release] statute…"). The BOP also reports that, as of April 10, 2023, no inmates or staff members at Mr. Barrios-Lopez's current facility (FCI Raybrook) have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Apr. 11, 2023). For these reasons, Mr. Barrios-Lopez has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022).

Mr. Barrios-Lopez next argues that the BOP has mishandled the pandemic, and due to the mishandling, the past two years of incarceration have been much more difficult than contemplated by

the Court at sentencing, thus warranting a sentence reduction. Allegations regarding the handling of the pandemic might form the basis for relief in a civil suit filed in Mr. Barrios-Lopez's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Every inmate at Mr. Barrios-Lopez's facility, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past two years. Mr. Barrios-Lopez has simply not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Additionally, the fact that the BOP failed to prevent Mr. Barrios-Lopez from contracting COVID-19 is not a basis for release. *See United States v. Gaskins*, 1:16-cr-00249-JMS-MJD-01, dkt. 274 (finding that early release is not a remedy or reward for contracting COVID-19). And while he claims that he is suffering from "lingering effects" of his COVID-19 infection, Mr. Barrios-Lopez provides no further medical information and there is nothing in the record to suggest that he is incapacitated or experiencing debilitating symptoms. Thus, the Court declines to exercise its discretion to find this to be an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

That leaves Mr. Barrios-Lopez with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Barrios-Lopez has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing

scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Barrios-Lopez's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Barrios-Lopez establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Barrios-Lopez's motion for compassionate release, dkt. [69], is **denied.**

**IT IS SO ORDERED.**

Date: 4/12/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Isaias R. Barrios-Lopez
Reg. No. 08337-028
FCI Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY  12977