UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:06-cr-00107-JMS-TAB-1 |
| | |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ISAIAS R. BARRIOS-LOPEZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-cr-00107-JMS-TAB |
| | ) | |
| ISAIAS R. BARRIOS-LOPEZ, | ) -1 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Isaias Barrios-Lopez has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 71. For the reasons explained below, his motion is **DENIED**.

### I.      Background

In 2007, Mr. Barrios-Lopez pled guilty to one count of conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count 4); and one count of being a previously deported alien found within the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (count 8). Dkt. 1. The Court sentenced Mr. Barrios-Lopez to concurrent sentences of 327 months of imprisonment for count one and 240 months for count eight, and a consecutive sentence of 60 months for count four, for a total of 387 months of imprisonment. Dkt. 1. The Bureau of Prisons ("BOP") currently reports Mr. Barrios-Lopez anticipated release date (with good-conduct time included) as April 15, 2036. https://www.bop.gov/inmateloc/ (last visited July 8, 2024).

2

In September 2022, Mr. Barrios-Lopez filed his first motion for compassionate release *pro se*. Dkt. 69. In his submission, Mr. Barrios-Lopez argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) his sentence would be shorter if he were sentenced today; (2) he is at risk of contracting COVID-19 again because the BOP is experiencing ongoing and repeated outbreaks; (3) he contracted COVID-19 while in BOP custody and still suffers "lingering effects"; and (4) Mr. Barrios-Lopez's efforts at rehabilitation show that he is not a danger to any other person or to the community. The Court denied the motion finding that, under controlling Seventh Circuit precedent, Mr. Barrios-Lopez cannot establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based on changes in the law even if they might result in a shorter sentence if he were sentenced today. Dkt. 70 at 4–5. The Court also rejected Mr. Barrios-Lopez's other argued extraordinary and compelling reasons for release. *Id.* at 5–7.

Mr. Barrios-Lopez has filed a second motion for compassionate release *pro se*. Dkt. 71. His motion is essentially a duplication of his prior motion using the same language and arguments, with two exceptions: First, Mr. Barrios-Lopez's argument that extraordinary and compelling reasons exist in his case is supported by § 1B1.13(b)(6), which was added by to the Sentencing Guidelines by the United States Sentencing Commission in November 2023, and second, he suggests that his rehabilitation can now be considered an extraordinary and compelling reason for release. Dkts. 69; 71. The Government has filed a response opposing the motion, dkt. 73, and Mr. Barrios-Lopez filed a reply, dkt. 78. The motion is now ripe for the Court's consideration.

## II.    Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a

3

sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Initially, Mr. Barrios-Lopez has put forward identical arguments in the instant motion with regard to several argued reasons for release, specifically those related to COVID-19. The Court rejected these arguments in its prior order, and, as Mr. Barrios-Lopez has merely copied previously rejected arguments in his new motion, the Court finds Mr. Barrios-Lopez has not met his burden to show that COVID-19 and its related dangers are an extraordinary and compelling reason for release and will not address these arguments further.

Mr. Barrios-Lopez also argues that he is currently serving a sentence that would be much shorter if he were sentenced under current law and that this disparity constitutes an extraordinary and compelling reason for release. Dkt. 71 at 7.  Specifically, he argues that one of his prior convictions would no longer qualify him as a career offender following a recent amendment. Dkt. 71 at 7. He argues that his 1995 conviction for possession of cocaine base for sale was a

misdemeanor rather than a felony and would therefore not qualify him as a career offender today.

Dkt. 71-1 at 1. He argues that because that conviction resulted in less than one year of

imprisonment, it does not qualify as a felony-controlled substance offense. *Id.*

The United States Sentencing Guidelines permit a court to find that a defendant's unusually

long sentence may constitute an extraordinary and compelling reason for release where:

> If a defendant received an unusually long sentence and has served at least 10 years
> of the term of imprisonment, a change in the law (other than an amendment to the
> Guidelines Manual that has not been made retroactive) may be considered in
> determining whether the defendant presents an extraordinary and compelling
> reason, but only where such change would produce a gross disparity between the
> sentence being served and the sentence likely to be imposed at the time the motion
> is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

However, even assuming the validity of this provision (which the parties dispute), Mr.

Barrios-Lopez does not qualify for relief under this provision. The Sentencing Guidelines

designates a defendant as a career offender where:

> (1) the defendant was at least eighteen years old at the time the defendant
> committed the instant offense of conviction; (2) the instant offense of conviction is
> a felony that is either a crime of violence or a controlled substance offense; and (3)
> the defendant has at least two prior felony convictions of either a crime of violence
> or a controlled substance offense.

U.S.S.G. § 4B1.1. Further, "prior felony conviction" is defined as:

> a prior adult federal or state conviction for an offense punishable by death or
> imprisonment for a term exceeding one year, regardless of whether such offense is
> specifically designated as a felony and regardless of the actual sentence imposed.

U.S.S.G. § 4B1.2.

Mr. Barrios-Lopez's sole evidence that he his 1995 was a misdemeanor rather than a felony

is that he served less than one year in jail. This is insufficient to demonstrate that the Court would

find this conviction to be a misdemeanor rather than a felony today. A finding of whether a

conviction is a felony for the purpose of a career offender designation is the maximum possible punishment, not the actual term served. The pre-sentence investigation reports that the conviction was a felony, and the fact that Mr. Barrios-Lopez spent less than one year in custody based on that conviction does not undermine that determination. For this reason, Mr. Barrios-Lopez has not shown that he would be sentenced any differently today and therefore has not shown a "gross disparity" between the sentence he received and the sentence he would receive today. Accordingly, the Court finds that Mr. Barrios-Lopez has not met his burden to demonstrate that a change in the law affecting his sentencing constitutes an extraordinary and compelling reason for release alone or in combination with any other reason.

Mr. Barrios-Lopez next argues that the Court may now consider his rehabilitation with regard to whether extraordinary and compelling reasons for his release exist. Dkt. 71 at 17. This argument is unavailing. While the strides Mr. Velazquez has made in prison are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a standalone reason for compassionate release.") (cleaned up). The Court does not find that Mr. Barrios-Lopez's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Even if the Court were to assume that Mr. Barrios-Lopez had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Barrios-Lopez is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not

weigh in his favor.[1] Weighing in his favor, Mr. Barrios-Lopez has maintained employment while incarcerated. Dkt. 71-1 at 4. He has also participated in extensive programming and educational course in the BOP. *Id.* Weighing against him, he has a long disciplinary history in the BOP which includes a violation for fighting and possession of unauthorized items. Dkt. 75 at 1. Further, Mr. Barrios-Lopez is not scheduled to be released from prison until April 2036; thus, releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Mr. Barrios-Lopez early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

### III.   Conclusion

For the reasons stated above, Mr. Barrios-Lopez's motion for compassionate release, dkt. [71], is **denied**.

**IT IS SO ORDERED.**

Date: 7/15/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Distribution:

All Electronically Registered Counsel

Isaias Barrios-Lopez
Register Number: 08337-028
FCI Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977